UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| WILLIE McCONELL, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV612-060 |
| UNITED STATES OF AMERICA, | ) ) | CR604-013 |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

Willie McConell has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal prison sentence.[1] (Doc. 1.[2]) The motion is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which requires a movant to file a § 2255 motion within

---

[1] McConell frames it as a successive motion (doc. 1), but the Court has found no record of any prior § 2255 motion.

[2] Unless otherwise noted, citations are to the docket in McConell's civil § 2255 case, number CV612-060. "Cr. doc." refers to documents filed under his criminal case, CR604-013. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

one year of the date his judgment of conviction becomes final. 28 U.S.C. § 2255 (f)(1).

On February 26, 2007, the Court sentenced McConell to serve 210 months' imprisonment after he pled guilty to distribution of crack cocaine. (Cr. doc. 30.) He did not appeal, so his conviction became final on March 12, 2007, ten days later.[3] *See Adams v. United States*, 173 F.3d 1339, 1343 n.2 (11th Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired.").

McConell did not file his § 2255 motion until August 6, 2012, more than five years after his judgment became final. While he states that he hopes to obtain relief based upon recent changes in the law for crack cocaine offenses, he has not pointed to any new rights recognized by the

---

[3] Under Fed. R. App. P. 4(b)(1)(A)(i), as amended on December, 1, 2009, "the time for filing a direct appeal [now] expires 14 days after the written judgment of conviction is entered on the criminal docket. Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6)." *Robinson v. United States*, 2011 WL 2222501 at * 1 (M.D. Fla. Jun. 7, 2011). Prior to 2009 the rule allowed only 10 days. *Arroyo v. United States*, 359 F. App'x 118, 119 (11th Cir. 2009). The time calculation methodology has also changed. In 2009, long after McConell's appeal window closed, Courts began to count "every day, including intermediate Saturdays, Sundays, and legal holidays. *See* Fed. R. App. P. 26(a)(1)." *Remedios v. United States*, 2011 WL 1598843 at * 4 n. 6 (S.D. Fla. Mar. 28, 2011), *adopted* 2011 WL 1628026 (S.D. Fla. Apr. 28, 2011).

United States Supreme Court. Nor has he pointed to any new facts that he could not have discovered earlier through the exercise of due diligence, or any governmental action preventing him from filing a motion. Hence he cannot take advantage of any alternative limitations period start dates. *See* 28 U.S.C. § 2255(f)(2)-(4). His only method for securing the sentencing redress he seeks is through 18 U.S.C. § 3582, but as the Court has previously explained, that well is dry. (Cr. doc. 42 (denying McConell's § 3582 motion since he would receive the same sentence even under the new sentencing regime).)

For all of the reasons explained above, McConell's § 2255 motion should be **DENIED**. Moreover, applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma*

*pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 27TH day of August, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA